■ PAUL CONTI et al., Respondents, v HERBERT M. CITRIN, Appellant, et al., Defendant.—Order and judgment (one paper), Supreme Court, New York County (Edward Greenfield, J.), entered February 1, 1990, which, *inter alia,* awarded plaintiffs attorneys' fees of $27,814.07, and litigation expenses of $2,586.20, unanimously affirmed, with costs.

As was previously determined *(Conti v Citrin,* 132 Misc 2d 834, *affd* 121 AD2d 852, *lv dismissed* 69 NY2d 742), defendant Citrin was an illusory tenant who had illegally subdivided premises and sublet them for profit. The court awarded the undivided apartment to the plaintiffs, the subtenants in possession. In its memorandum decision of August 1985, the trial court directed that Citrin pay plaintiffs attorneys' fees and disbursements pursuant to section 2106.1 of the New York City Rent and Eviction Regulations (22 NYCRR). In the court's final order of October 1985, it ultimately directed that such fees and disbursements be determined "in accordance with all applicable regulations."

On his previous appeal, Citrin asserted that Supreme Court had no basis to award attorneys' fees. Citrin never raised the issue of the change in language from the August 1985 memorandum decision to the October 1985 order with regard to the basis for awarding attorneys' fees and disbursements.

The trial court thereafter held hearings and determined the amounts of attorneys' fees and disbursements. The court noted that such fees could be recovered pursuant to statutory regulations including Real Property Law § 234.

Citrin's assertion that the fees and disbursements are limited to those incurred in the DCHR proceedings is barred by the doctrine of *res judicata. (KTM Partnership-I v 160 W. 86th St. Partners,* 169 AD2d 462.) Moreover, it is clear that Real

Property Law § 234 was an appropriate basis for awarding attorneys' fees and disbursements in this case, as the action was commenced as a result of Citrin's violations of the lease covenants. *(See, Park House Partners v DeIrazabal,* 140 AD2d 84, *lv dismissed* 73 NY2d 866, *rearg denied* 73 NY2d 919.)

We have considered Citrin's other claims and find them to be meritless. Concur—Sullivan, J. P., Wallach, Asch and Smith, JJ.

